DUANE H. GILLMAN, ESQ.
Utah Bar No. 1194
MICHAEL F. THOMSON, ESQ.
Nevada Bar No. 7541
mthomson@djplaw.com
JESSICA G. PETERSON, ESQ.
Nevada Bar No. 11243
**DURHAM JONES & PINEGAR**
10785 West Twain Avenue, Suite 200
Las Vegas, NV 89135
Telephone No. (702) 870-6060
Telephone No. (801) 415-3000
     Attorneys for Trustee

ECF FILED 7/15/10

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S-09-13408 LBR |
| RONALD JAMES DAY, | ) | Chapter 7 |
| Debtor. | ) | Hearing Date: August 25, 2010 |
| | ) | Hearing Time: 11:00 a.m. |
| | ) | Estimated Length of Hearing: 15 minutes |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY OF THE ESTATE and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Timothy S. Cory, chapter 7 trustee of the estate of the above-named debtor (the "Trustee"), by and through counsel, hereby moves the Court for an order authorizing the sale of real property included in the bankruptcy estate of the above-named debtor, **free and clear of liens and/or interests with valid liens and/or interests to attach to the sale proceeds**, or any comparable offer for a higher price as an overbid, pursuant to 11 U.S.C. § 363(b) & (f). This Motion is supported by the following Points and Authorities and the Notice of Hearing on Trustee's Motion for Order Authorizing the Sale of Real Property of the Estate (the "Notice") filed concurrently herewith.

SLC_636094.1

WHEREFORE, the Trustee respectfully requests that this Court enter an order authorizing the sale of the real property described in, and pursuant to the terms and conditions and distribution of sale proceeds set forth in, the Notice.

DATED this ___ day of July, 2010.

Duane H. Gillman
Michael F. Thomson
Durham Jones & Pinegar
Attorneys for Trustee

## POINTS AND AUTHORITIES

### STATEMENT OF FACTS

1.      The Trustee has filed concurrently herewith the Notice.

2.      The description of the real property to be sold, the terms and conditions of the sale, and the intended distribution of sale proceeds are all set forth in the Notice.

3.      The proposed sale price of the real property is $150,000.00.

4.      The real property is located in Clark County and is described as APN #s 163-09-210-274, 163-24-111-019, and 163-24-710-026 (the "Property").

5.      The Property is property of this bankruptcy estate pursuant to that certain default judgment entered in Adversary Proceeding No. 10-01063 on May 18, 2010, against Cactus Springs, Incorporated d/b/a Cactus Springs, Inc.

6.      The proposed purchaser is VanMeetren FLP or its nominee ("VanMeetren") and the terms of the proposed sale are listed on the Purchase Agreement and Deposit Receipt attached hereto as **Exhibit 1**.

7.      VanMeetren has paid $15,000.00 as earnest money.

2

SLC_636094.1

8.      Brittan Ashjian of General Realty Inc. is the Trustee's real estate agent for this transaction, and is entitled to a 10% commission, by contract, on the sale to VanMeetren.

9.      The proposed sale to VanMeetren is subject to higher and better offers which may be made at the hearing on this Motion, and the minimum overbid required is $5,000.00.  VanMeetren also will be allowed to increase its bid in response to any overbid by a third party.

10.     The Trustee believes the proposed sale to VanMeetren is in the best interests of creditors of this estate because the proposed sale generates $150,000.00 for the estate, less the commission and closing costs, and is the best offer obtained after several months of marketing the Property.

11.     The Notice is being sent to the debtor, the U.S. Trustee, all parties requesting notice, all parties appearing on the mailing matrix in this chapter 7 case, and other parties-in-interest.

## LAW AND ARGUMENT

11 U.S.C. § 363(b) & (f) allow the Trustee to sell the Property, free and clear of any liens or interests, after notice and a hearing.

The Property is encumbered by property taxes in the amount of approximately $2,500.00, which will be paid by the Trustee at the time of closing from the sale proceeds.  The Property is also encumbered by homeowners' association dues of approximately $2,000.00, which will be paid by the Trustee at the time of closing from the sale proceeds.  The Trustee believes the proposed sale to VanMeetren, or to a party paying a higher and better amount, is in the best interests of creditors of this estate because the proposed sale for $150,000.00 is the best offer obtained after several months of marketing the Property.  Therefore, the Trustee requests that this Court approve the proposed sale as described in this Motion and under the terms set forth in the Notice.

SLC_636094.1

3

**CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that this Court enter an order authorizing the sale of the real property described in, and pursuant to the terms and conditions and distribution of sale proceeds set forth in, the Notice.

DATED this 15 day of July, 2010.

Duane H. Gillman
Michael F. Thomson
Durham Jones & Pinegar
Attorneys for Trustee

SLC_636094.1

4

# EXHIBIT 1

*Bulk Transaction*

# PURCHASE AGREEMENT AND DEPOSIT RECEIPT

Las Vegas, Nevada

Received from *Van Meetren FLP* ———— and/or assigns ("Buyer") the sum of *Fifteen Thousand* — Dollars ($ *15,000* ) evidenced by cash [ ], cashier's check [ X ], personal check [ ], payable to Timothy S. Cory, Chapter 7 Trustee ("Seller"), as deposit on account of purchase price of *One hundred fifty Thousand* ($ *150,000* ) for the purchase of real property located in the City of Las Vegas, State of Nevada, commonly known as APN # *5* ———————————— (the "Property").

## TERMS OF SALE

*163-09-210-274*
*163-24-111-019*
*163-24-710-026*

1. **Deposit.** Seller is authorized by Buyer to place the Deposit in escrow with Nevada Title Company.

2. **Purchase Price.** In addition to the above Deposit, Buyer shall deposit the balance of the purchase price in escrow as follows: all cash at close of escrow.

3. **Escrow.** Nevada Title Company is hereby designated as the escrow holder ("Escrow") for the purpose of carrying out the terms of this Agreement. The date Escrow shall receive a fully executed copy of this Purchase Agreement and Deposit Receipt, shall be the date of "opening" of Escrow. Buyer and Seller shall deliver signed instructions to Escrow Agent within TEN (10) days of opening of escrow. The instructions shall not modify or amend the provisions of this Agreement; provided, however, that the parties shall execute such additional instructions as requested by Escrow not inconsistent with the provisions hereof.

4. **Contingencies.** The following are conditions precedent to the consummation of this transaction:

a. Buyer shall have a ZERO (0) days investigation period (Due-diligence) to investigate the feasibility of the site for its intended use. BUYER HAS ALREADY DONE DUE DILIGENCE AND PROPERTY IS BEING SOLD "AS IS WHERE IS," WITH NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, AND IS SUBJECT TO ANY AND ALL EXISTING LEASE, RENTAL OR POSSESSION RIGHTS TO THE PROPERTY.

5. **Closing.**

a. Escrow shall close ("Closing") within 30 days after the entry of a bankruptcy court order approving the sale contemplated by this Agreement, but the parties may, by mutual instruction signed by both parties, extend the date of Closing.

b. Real property taxes, utilities, and homeowners' association dues shall be prorated as of the date of Closing. Any bond or assessment which is a lien shall be paid [ ] or assumed [ ] by Seller. The current taxes owed on property are $_____. Buyer shall pay $_____ of the taxes and Seller shall pay the balance to bring the taxes current at time of closing.

c. In addition to executing and delivering any other documents or instruments which are reasonably necessary for Closing, Seller shall deliver to Buyer through Escrow:

i. A Trustee's Deed in recordable form conveying fee title to Buyer subject to: (1) a lien to secure payment of real estate taxes not delinquent; (2) any existing lease, rental or possession rights; and (3) those title report exceptions, if any, not objected to in writing by Buyer within fifteen (15) days after Buyer's execution of this Agreement.

SLC_618782.1

     ii.     A <u>CLTA</u> Coverage Policy of Title Insurance in the amount of the full purchase price, to be paid by Seller, insuring title vested in Buyer subject only to the exceptions noted in Section 5.c.i. above.

d.     In addition to executing and delivering any other documents or instruments which are reasonably necessary for Closing, Buyer shall deliver to Seller through Escrow:

     i.     The purchase price as set forth in Section 2 above.

6.     **Representations and Disclaimers.**

a.     Seller represents the following:

     i.     Any Seller obligations are subject to bankruptcy court approval.

     ii.     Unless otherwise noted above, no representation has been made to Buyer by Seller, Broker, or any other person concerning the Property or the condition thereof, and the Buyer is relying on its own investigation of the Property.

b.     Buyer is not a Nevada licensed Real Estate Agent.

7.     **Liquidated Damages.** If Buyer fails to complete said purchase as herein provided by reason of any default of Buyer, Seller shall be released from his obligations to sell the Property to Buyer and may proceed against Buyer upon any claims or remedy which he may have in law or equity provided, however, that by placing their initials here Buyer(s): (_____), (_____); Seller(s): (_____), (_____) agree that it would be impractical or extremely difficult to fix actual damages in case of Buyer's failure to complete the purchase due to Buyer's default, that the Deposit(s) is a reasonable estimate of Seller's damages, and that Seller shall retain the Deposit(s) actually paid as liquidated damages and as and or his sole and complete remedy.

8.     **Agreement of the Parties.** This Agreement represents the entire and integrated agreement of the parties hereto. By placing their initials here, Buyer(s): (_____), (_____); Seller(s): (_____), (_____) expressly acknowledge, warrant and understand that there are no statements, representations, inducements or agreement made by or between the parties hereto or made by or with Broker except as expressly set forth herein in writing. No amendment, supplement or termination hereof shall be valid except by way of a writing subscribed by the parties hereto.

9.     **Attorney's Fees.** If Buyer or Seller shall institute any legal action or arbitration proceeding against the other in connection with any controversy related to, concerning or arising out of this Agreement, or any facts based upon or involving this Agreement, the prevailing party, whether in court, through arbitration, or by way of out-of-court settlement, shall be entitled to recover from the non-prevailing party such prevailing party's attorney's fees, court costs, expert witness fees and other expenses relating to such controversy, including such fees, costs and expenses on appeal, if any, and the Arbitrator(s), if any, is hereby authorized to make such an award to the prevailing party in arbitration.

10.     **Expiration or Acceptance.**

a.     Unless Seller accepts this Offer, in writing on or before _June 20_, 2010 at 5pm, the Offer shall be deemed revoked and Broker shall return the Deposit to Buyer. If the parties continue negotiating, the Deposit shall be returned to Buyer upon the earlier of termination of negotiations or Buyer's demand.

SLC_618782.1

b.     If Seller accepts this Offer within the time limit specified, acceptance shall be deemed communicated to Buyer if Broker orally notifies Buyer within the time limit specified and then delivers to Buyer within forty-eight (48) hours thereafter, in person or by United States mail, one copy of this Agreement executed by Seller. After Closing, Broker is authorized to publicize the sale price, terms and financing of this transaction.

11.    **Nominee.** Without being relieved of any liability to close the purchase under this Agreement, Buyer reserves the right to take title to the Property, and to execute any and all notes, deeds of trust and/or other documents called for herein, in a name or nominee other than stated above.

12.    **Time.** Time is of the essence of this Agreement and every provision thereof.

13.    **Additional Provisions.** Any addendum, rider or exhibit attached hereto and either signed or initialed by the parties shall be fully and completely incorporated herein by this reference. Buyer agrees to purchase the Property on the terms and conditions stated herein, including any additional provisions on any addendum, rider or exhibit attached hereto. Should Buyer default hereunder, Buyer agrees to pay Broker a commission equal to that which Broker would have been paid by Seller upon consummation of this transaction, plus any attorney's fees incurred by Broker in seeking to collect such commission from Buyer.

14.    **Acceptance.** Buyer submits this offer and agrees to purchase property on the above terms and conditions:

15.    **Acceptance.** Seller accepts this Offer and agrees to sell the Property on the above terms and conditions. Seller agrees to pay to Brittan Ashjian of General Realty Inc. a commission as a fee for services.

*Receipt of a copy hereof is acknowledged.*          *Receipt of this Offer and above Deposit is acknowledged.*

BUYER:                                            DATE:
                                                  7/1/10

SELLER: Timothy Cory Chapter 7 Trustee           DATE:

SLC_618782.1

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the foregoing **TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY OF THE ESTATE and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was served this 15th day of July, 2010, via regular U.S. mail, postage prepaid upon all parties appearing on the attached mailing matrix and upon the following:

Brittan Ashjian
General Realty Inc.
10308 Wood Owl Court
Las Vegas, NV 89144

VanMeetren FLP
c/o Cathi Feeli
6628 Sky Pointe #200
Las Vegas Nevada 89131

Glenview West Townhomes Association
c/o Alessi & Koenig
9500 W. Flamingo Road, Suite 100
Las Vegas, NV 89147

The VanMeetren Family Limited
Partnership
c/o Dobberstein & Associates
8965 South Eastern Avenue, Suite 280
Las Vegas, NV 89123

RMI Management
630 Trade Center Drive #100
Las Vegas, NV 89119

Evergreen Condominiums Homeowners
Association
5367 Lisagayle Court
Las Vegas NV 89103

U.S. Bankruptcy Court
Judge Riegle's Courtesy Copy
300 Las Vegas Blvd., South
Las Vegas. NV 89101-5833

Clark County
500 S. Grand Central Pkwy.
Las Vegas, NV 89155

                    _/s/ Helen Doherty_
                    Durham Jones & Pinegar

SLC_636094.1

5

```
Label Matrix for local noticing        BANK OF NEVADA                          DURHAM, JONES & PINEGAR
0978-2                                  2700 WEST SAHARA AVENUE                 10785 West Twain Avenue, Suite 200
Case 09-13408-lbr                       LAS VEGAS, NV 89102-1712                Las Vegas, NV 89135-3028
District of Nevada
Las Vegas
Wed Jul 14 10:09:38 PDT 2010

THE VANMEETREN FAMILY LIMITED PARTNERSHIP  THE VANMEETREN FAMILY LIMITED PARTNERSHIP  United States Bankruptcy Court
5685 South Cameron                      DOBBERSTEIN & ASSOCIATES                300 Las Vegas Blvd., South
Las Vegas, NV 89118-2204                C/O ERIC DOBBERSTEIN                    Las Vegas, NV 89101-5833
                                        1339 GALLERIA DRIVE
                                        SUITE 201
                                        HENDERSON, NV 89014

APACHE HILLS HOMEOWNERS ASSN            Amber Hills Hoa Ii, Llc                 Aspen Financial, Llc
PO BOX 97512                            2310 Paseo Del Prado                    7900 W. Flamingo Road
LAS VEGAS NV 89193-7512                 A-106                                   Suite 200
                                        Las Vegas NV 89102-4357                 Las Vegas NV 89147

Aspen Financial, Llc                    Bank Of Nevada                          CHARLES L. RUTHE,
7900 W. Sahara Avenue                   2700 W. Sahara Avenue                   TRUSTEE OF THE CHARLES L. RUTHE TRUST
Suite 200                               Las Vegas NV 89102-1712                 7219 W. SAHARA AVE., STE. 105
Las Vegas NV 89117-7921                                                         LAS VEGAS, NV 89117-2852

Centennial Lamb Second Irrev. Business Trust  Centennial Lamb Second Irrevocable Business  City National Bank
c/o Aspen Financial Services            c/o Aspen Financial Services           400 N. Roxbury Drive
7900 W. Sahara Ave., Ste. 200           7900 W. Sahara Ave., Ste. 200          Beverly Hills CA 90210-5000
Las Vegas, NV 89117-7921                Las Vegas, NV 89117-7921

Complete Contractor                     Dynamic Recovery Services              FRANK E. GRANIERI, TRUSTEE OF THE FRANK E.
Services                                4101 Mcewen Drive                      GRANIERI REVOCABLE LIVING TRUST
3140 S. Rainbow Blvd.                   Suite 150                              7219 W SAHARA AVE., STE. 105
Suite 401                               Farmers Branch TX 75244-5109           LAS VEGAS, NV 89117-2852
Las Vegas NV 89146-6234

Horizon Hills Hoa Annett,               Horizon Hills Hoa-annett              Icw Group Insurance
Llc2                                    Llc1                                   Services
1830 E. Sahara Avenue                   1830 E. Sahara Avenue                 11455 El Camino Real
Las Vegas NV 89104-3737                 Las Vegas NV 89104-3737               San Diego CA 92130-2045

Leonard Mardian                         Milano Residences, Llc                Omega Development Second Irrevocable Busines
9510 W. Sahara Avenue                   9510 W. Sahara Avenue                 c/o Aspen Financial Services
Las Vegas NV 89117-8813                 Las Vegas NV 89117-8813               7900 W. Sahara Ave., Ste. 200
                                                                              Las Vegas, NV 89117-7921

Pago Pago, Inc                          Pengilly Robins Slater                Peri Formwork Systems, Inc
8346 Mr. Nido Drive                     10080 W. Alia Drive                   7135 Dorsey Run Road
Las Vegas NV 89147                      Suite 140                             Elkridge MD 21075-6884
                                        Las Vegas NV 89145

RICHARD F. ACOVINO IRREVOCABLE TRUST    Silver State Bank                     Square i, Inc
DATED APRIL 11, 1997                    Po Box 990                            3800 Howard Hughes Pkwy
7219 W. SAHARA AVE., STE. 105           Las Vegas NV 89125-0990               16th Floor
LAS VEGAS, NV 89117-2852                                                      Las Vegas NV 89169-5910
```

Susan Mardian
9510 W. Sahara Avenue
Las Vegas NV 89117-8813

THE ROGERS-BARNETT FAMILY TRUST, DTD 11/28/0
P.O. BOX 577
WASHINGTON, UT 84780-0577

The VanMeetren Family Limited Partnership
c/o Dobberstein & Associates
8965 S. Eastern Avenue, Suite 280
Las Vegas, NV 89123-4898

U.S. TRUSTEE - LV - 7
300 LAS VEGAS BOULEVARD, SO.
SUITE 4300
LAS VEGAS, NV 89101-5803

Van Meetren Family Ltd.
Partne
2 Anthem Pointe
Henderson NV 89052-6605

Vincent Panetta
75 Rotella Drive
Las Vegas NV 89147

WAYNE A. GUINN
TRUSTEE OF THE WAYNE A. GUINN TRUST
DTD 3/24/93
150 E WASHINGTON AVE.
TULARE, CA 93274-1478

WAYNE A. GUINN
TRUSTEE OF THE WAYNE A. GWINN TRUST,
DTD 3/24/93
150 E WASHINGTON AVENUE
TULARE, CA 93274-1478

DUANE H. GILLMAN
Durham Jones & Pinegar
111 East Broadway, Suite 900
PO Box 1050
Salt Lake City, UT 84111-5235

RONALD JAMES DAY
9360 W. FLAMINGO RD 110-357
LAS VEGAS, NV 89147-6426

TIMOTHY S CORY
8831 WEST SAHARA AVE.
LAS VEGAS, NV 89117-5865

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)JAMES L. DUNN & DUNN PROPERTIES, LTD.

(d)Centennial Lamb Second Irrev. Business Tru
c/o Aspen Financial Services
7900 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117-7921

End of Label Matrix
Mailable recipients     40
Bypassed recipients      2
Total                   42